mination by the issuing magistrate of the existence of probable cause. Reliance on a record prepared after the fact involves a hazard of impairment of that right. It is for this reason that some States have imposed the requirement of a contemporaneous record. Thus, in *Glodowski* v. *State,* 196 Wis. 265, 271–272, 220 N. W. 227, 230 (1928), the Wisconsin Supreme Court stated:

> "It is an anomaly in judicial procedure to attempt to review the judicial act of a magistrate issuing a search warrant upon a record made up wholly or partially by oral testimony taken in the reviewing court long after the search warrant was issued. Judicial action must be reviewed upon the record made at or before the time that the judicial act was performed. The validity of judicial action cannot be made to depend upon the facts recalled by fallible human memory at a time somewhat removed from that when the judicial determination was made. This record of the facts presented to the magistrate need take no particular form. The record may consist of the sworn complaint, of affidavits, or of sworn testimony taken in shorthand and later filed, or of testimony reduced to longhand and filed, or of a combination of all these forms of proof. The form is immaterial. The essential thing is that proof be reduced to permanent form and made a part of the record which may be transmitted to the reviewing court."

It seems to me that there is a substantial constitutional issue presented by the question tendered by petitioner. I would therefore grant the petition.

No. 500, Misc. METZE *v.* NEW YORK. Ct. App. N. Y. Certiorari denied. *Eleanor Jackson Piel* for petitioner. *Elliott Golden* and *Aaron Nussbaum* for respondent.